IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-03235-REB-BNB

AURORA BANK, FSB,

Plaintiff,

v.

PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,

Defendant.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Defendant's Motion to Dismiss for Improper Venue, Or In the Alternative, To Transfer** [Doc. # 11, filed 1/28/2013] (the "Motion to Dismiss or Transfer"). I respectfully RECOMMEND that it be DENIED.

The case involves claims for breach of contract and breach of express warranty in connection with the "sale of residential mortgage loans on the secondary market to investors. . . ." Complaint [Doc. # 1] at ¶5. Paramount originated four loans (the "Loans"), Scheduling Order [Doc. # 25] at p. 5, and then sold them to Aurora Bank pursuant to a written Loan Purchase Agreement. Complaint [Doc. # 1] at ¶¶5, 8. Auroral Bank alleges that Paramount breached the Loan Purchase Agreement by making misrepresentations concerning the Loans. Id. at ¶14.

Aurora Bank is a federal savings bank with its principal place of business in Littleton, Colorado. Id. at ¶1; Response [Doc. # 13] at p. 2.

Paramount is a California corporation with a principal place of business in Corona, California. Complaint [Doc. # 1] at ¶2. Paramount is registered to do business in Colorado, id.,

and conducts business in Colorado at offices located in Centennial, Colorado.  Response [Doc. # 13] at p. 2.

The Loans were made to borrowers (the "Borrowers") in California in connection with real property located in California.  Motion to Dismiss or Transfer [Doc. # 11] at p. 3; Complaint [Doc. # 1] at ¶6.  Paramount argues, without dispute from Aurora Bank, that the alleged misrepresentations were made in California.  Motion to Dismiss or Transfer [Doc. # 11] at p. 7.

Paramount seeks an order dismissing the case for improper venue or transferring it to the United States District Court for the Central District of California, arguing that Lehman Brothers Holdings Inc. ("Lehman"), the parent company of Aurora Bank,

> has waged a tireless war of suing California-based residential mortgage loan originators in California. . . .  Recently, Lehman has met with a number of unfavorable rulings in the Central District of California.  Thus, perhaps not surprisingly, Lehman is now employing a different strategy.  Specifically, Lehman is now suing California-based originators in Colorado, bringing claims in the name of Lehman's Colorado-based subsidiary, Plaintiff Aurora Bank. . . .

Id. at pp. 1-2.  In support of the Motion to Dismiss or Transfer [Doc. # 11], Paramount notes that (1) Paramount is a California corporation with its principal place of business in the Central District of California; (2) the Loans were made in connection with real property located  in the Central District of California; (3) the last known address of each of the Borrowers involved in the Loans is in the Central District of California; (4) the alleged misrepresentations were made in the Central District of California; and (5) "[t]he witnesses likely with knowledge relevant [to the issues in the case]--[Paramount] representatives and the Borrowers--are located in the Central District of California."  Id. at p. 8.

**Dismissal**

Dismissal of a case is proper only in those instances where the forum court is an improper venue, not merely where it is a less convenient one.  28 U.S.C. § 1406(a) (stating that "[t]he district court of a district in which is filed a case laying venue in the **wrong** . . . district shall dismiss. . . .")(emphasis added); Coleman v. Crisp, 444 F. Supp. 31, 33 (W.D. Okla. 1977)(holding that "[w]henever an action could not have been properly brought in a district and no reason appears why it would be more in the interest of justice for the court to transfer the case than to dismiss it, it should be dismissed").  Here, there is no assertion that the action could not have been brought in the District of Colorado and, to the contrary, venue unquestionably exists here under 28 U.S.C. §1391(b)(1).

Section 1391(b)(1) provides that a "civil action may be brought in a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  Here, Paramount is the sole defendant.  Under §1391(c)(1), "an entity . . . shall be deemed to reside, if a defendant, in any judicial district which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question. . . ."

Personal jurisdiction under Colorado's long-arm statute extends "to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment."  AST Sports Science, Inc. v. CLF Dist. Ltd., 514 F.3d 1054, 1057 (10th Cir. 2008).  Thus, a court applying Colorado law and considering whether there is personal jurisdiction over a defendant must engage in a two-step inquiry:

> First, we ask whether the nonresident defendant has "minimum contacts" with the forum state such that he should reasonably anticipate being haled into court there.  If the defendant's actions create sufficient minimum contacts, we must then consider

> whether the exercise of personal jurisdiction over the defendant
> offends traditional notions of fair play and substantial justice.

Id. (internal quotations and citations omitted).

Under the first step of the inquiry, minimum contacts may be met in either of two ways:

> First, a court may, consistent with due process, assert *specific* jurisdiction over a nonresident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. Where a court's exercise of jurisdiction does not directly arise from a defendant's forum-related activities, the court may nonetheless maintain *general* personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state.

Id. at 1058 (internal quotations and citations omitted)(original emphasis). Here, the evidence indicates that Paramount has purposefully availed itself of the privilege of conducting general business activities within the State of Colorado sufficient to establish general personal jurisdiction, Response at Exhs. B-1 through B-2 [Doc. ##13-2 and 13-3], and Paramount does not argue otherwise.

Paramount's general business contacts within the State of Colorado are also sufficient to satisfy the second prong of the personal jurisdiction analysis--that the exercise of jurisdiction over it does not offend traditional notions of fair play and substantial justice. Once again, Paramount does not argue to the contrary, and it certainly has not made "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Employers Mutual Casualty Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1161 (10th Cir. 2010).

Venue is proper in the District of Colorado, and dismissal of the case based on improper venue is not appropriate.

## Transfer

Even if dismissal is not proper, Paramount argues that the case should be transferred to the Central District of California as a more convenient forum. I disagree.

Section 1404(a), 28 U.S.C., provides that a district court may transfer an action "[f]or the convenience of parties and witnesses [and] in the interest of justice. . . ." The Tenth Circuit Court of Appeals has adopted a multi-part test in connection with the application of § 1404(a):

> In considering a motion to transfer under § 1404(a), we weigh the following discretionary factors: the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

Employers Mutual, 618 F.3d at 1167 (internal quotations and citations omitted). Paramount, as the moving party, bears the burden of establishing that the District of Colorado is an inconvenient forum and that the action should be transferred to the Central District of California for convenience and in the interest of justice. Chrysler Credit Corp. v. Chrysler Corp., 928 F.2d 1509, 1515 (10th Cir. 1991); Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967).

1. Choice of Forum: Aurora Bank's choice of the District of Colorado to bring the action weighs against transfer. "Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." Employers Mutual, 618 F.3d at 1167 (internal quotation and citation omitted).

Paramount argues that Lehman, through its subsidiary Aurora Bank, is engaged in improper forum shopping:

> Aurora's Response [to the Motion to Dismiss or Transfer] . . . virtually concedes its conduct is tantamount to forum shopping--ignoring that its parent Lehman has sued mortgage originators--including [Paramount]--over forty times in the Central District of California.

Reply [Doc. # 18] at p. 2.  It is true that some courts have given "less weight to a plaintiff's forum choice if that party appears to be forum shopping. . . ."  15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3848 at p. 143 (collecting cases).  Paramount supports its forum shopping argument with conclusory statements only and has failed to provide any supporting evidence.[1]  In addition, the District of Colorado appears to be a natural forum, and not the result of improper forum shopping, because it is the location of Aurora Bank's principal office.

2.  <u>Accessibility of Witnesses and Other Proof</u>:  Paramount's strongest argument for transfer concerns the accessibility of witnesses.  According to Paramount, "[t]he witnesses likely with knowledge relevant to" the issues of its alleged misrepresentations--"[Paramount] representatives and the Borrowers--are in the Central District of California."  Motion to Dismiss or Transfer [Doc. # 11] at pp. 7-8.  On close review, however, even this argument favors transfer only slightly, if at all.  First, the fact that Paramount's representatives with knowledge of the

---

[1] Paramount has attached as exhibits to the Motion to Dismiss or Transfer the initial CM-ECF pages for 41 cases, apparently filed in the Central District of California.  Exhs. 6-1 through 6-41 [Doc. ## 11-6 through 11-11].  The documents show only the parties to suit--Lehman as the plaintiff, not Aurora Bank--and fail to establish the central theme of the forum shopping argument--that Lehman "has met with a number of unfavorable rulings in the Central District of California."  Motion to Dismiss or Transfer [Doc. # 11] at p. 2.

facts are located in California is entitled to little weight. Transfer is not justified where the result is merely "shifting the inconvenience from one side to the other. . . ." Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992); 15 Wright, Miller & Cooper, supra, at p. 150. Nor has Paramount made an adequate showing that transfer would be more convenient for necessary third-party witnesses. Paramount's general allegations that the Borrowers are potential witnesses and that their last known addresses are in the Central District of California are insufficient to require transfer of the case. Under similar facts, the circuit court found that the moving party had failed to establish that transfer was justified from an Oklahoma court to Kansas based on the convenience of the witnesses, stating:

> The affidavit in support of the motion for transfer in substance states that the railroad will be required to have in attendance twenty witnesses who are residents of Kansas; that of these, ten are not employed by the railroad; that to compel them to attend the trial in Oklahoma will be a serious burden to them; and that the railroad cannot force nonemployee witnesses to attend the trial. These statements in our opinion are insufficient to discharge the heavy duty resting upon the railroad to obtain a transfer of the case to the Kansas court. We reach this conclusion without taking into consideration the considerable burden on the plaintiff, a resident of Oklahoma, to bring or compel its witnesses to tome to Wichita.
>
> It is not sufficient to merely state that the railroad has twenty witnesses it must transport to Oklahoma. To discharge the burden resting upon it, it was necessary to set out in the affidavit the substance of the evidence of these witnesses so the court in reaching its conclusion might consider the materiality thereof or whether it tended to establish a material fact different from that of the eyewitnesses or whether it tended to contradict material testimony of other witnesses. In the absence of any showing as to materiality of the evidence of these twenty witnesses, merely stating that the railroad is compelled to transport ten of its employees to Oklahoma and that it may not be able to compel the attendance of the ten nonemployee witnesses is not sufficient for us to conclude that the trial court abused its discretion in refusing to transfer the case to the Kansas court.

Chicago, Rock Island & Pacific Railroad Co. v. Breeding, 232 F.2d 584, 588 (10th Cir. 1956). Accord Employers Mutual, 618 F.3d at 1169 (stating that "[t]o demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary" (internal quotations and citation omitted)).

  3. Cost of Making Necessary Proof:  Paramount argues that "[t]o the extent that Aurora [Bank], as a subsidiary of Lehman, needs to present out-of-state witnesses in California, it has the financial resources to do so."  Motion to Dismiss or Transfer [Doc. # 11] at p. 8.  Paramount fails to allege any special hardship to it or its financial inability to present evidence in the District of Colorado and, as noted earlier, transfer is not justified where the result is merely "shifting the inconvenience from one side to the other. . . ."  Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992); 15 Wright, Miller & Cooper, supra, at p. 150.

  4. Enforceability of a Judgment: Paramount argues in summary fashion that "this factor . . . favors transfer," Motion to Dismiss or Transfer [Doc. # 11] at p. 8, without any meaningful analysis.  The judgment of a federal court is easily enforced throughout the country, see 28 U.S.C. § 1963, and, in any event, enforcement is a burden on Aurora Bank should it prevail, not on Paramount as the defendant.

  5. Difficulties Arising From Congested Dockets: Paramount argues that "the Central District of California . . . has more experience with the issues presented in this action, considering it has had over 40 similar matters on its docket," and "will presumably be able to handle this matter more efficiently."  Motion to Dismiss or Transfer [Doc. # 11] at pp. 8-9.  I

agree with Aurora Bank that this court is competent to adjudicate this case efficiently and fairly. Response [Doc. # 13] at pp. 7-8. In particular, the case is set for trial commencing in February 2014, Trial Preparation Conference Order [Doc. # 26] at p. 3, only 14 months after it was filed.

I respectfully RECOMMEND that the Motion to Dismiss or Transfer [Doc. # 11] be DENIED.[2]

Dated July 18, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).