IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-03235-REB-BNB

AURORA BANK, FSB,

Plaintiff,

v.

PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,

Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER
_____

This matter arises on the parties' **Joint Motion to Amend Civil Scheduling Order and Vacate, Continue and Reset Trial Date** [Doc. # 35, filed 9/23/2013] (the "Joint Motion"). Good cause having been shown,

IT IS ORDERED that the Joint Motion [Doc. # 35] is GRANTED insofar as it seeks to extend the discovery cut-off, dispositive motion deadline, and deadlines to disclose expert witnesses and rebuttal experts. The Scheduling Order is modified to the following extent:

        Discovery Cut-Off:        December 27, 2013

        (All discovery must be completed by the discovery cut-off. All written discovery must be served so that responses are due on or before the discovery cut-off.)

        Dispositive Motions Deadline:        January 31, 2014

        Expert Disclosures:

        (a)    The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 8,

2013

    (b)      The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 6, 2013.

In addition, I respectfully RECOMMEND that the deadline for all motions raising issues under Fed. R. Civ. P. 702, trial preparation and final pretrial conference, and trial date set by the district judge in his Trial Preparation Conference Order [Doc. # 26] be vacated and reset to accommodate the revised schedule.[1]

Dated October 7, 2013.

                              BY THE COURT:

                               s/ Boyd N. Boland
                               United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).